473 A.2d 1082

**COMMONWEALTH of Pennsylvania**

**v.**

**James BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 23, 1983.

Filed March 23, 1984.

Petition for Allowance of Appeal Denied Aug. 14, 1984.

---

Silvio Fausto Modafferi, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This case is an appeal from a denial of relief under the Post Conviction Hearing Act, 1966, January 25, P.L. (1965) 1580, 19 P.S. 1180–1 et seq.

The defendant, James Bradley, was convicted of third degree murder and possession of an instrument of crime following a trial without a jury. The defendant waived both a jury trial and post-trial motions. New counsel filed a P.C.H.A. petition claiming both waivers were the result of ineffective assistance of counsel. Relief was denied by the court below after a hearing.

The defendant claims on appeal that he was denied constitutionally effective counsel because he was induced to waive a jury trial by counsel's alleged representations that she was too busy campaigning for office to have time to pick a jury. He also claims counsel's failure to present post-trial motions amounted to a waiver of issues for appeal, thereby denying him effective assistance of counsel.

The court below found defendant's testimony at the P.C.H.A. hearing on these issues unworthy of belief. The court noted the extensive colloquy between the trial court and defendant prior to that court's acceptance of defendant's waiver of his right to a jury trial. A similarly extensive colloquy was held on the issue of defendant's waiver of post-trial motions. We have reviewed the record and agree that defendant's waiver of both a jury trial and post-trial motions was knowingly, voluntarily and intelligently made. See *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168

(1974); *Commonwealth v. Rinier,* 255 Pa.Superior Ct. 166, 386 A.2d 560 (1978).

 Trial counsel testified at the P.C.H.A. hearing that she recommended a bench trial because of certain Coroner's evidence which she and defendant had reviewed and which she felt would be damaging if presented to a jury. We can conclude from this testimony that counsel had some reasonable basis designed to effectuate her client's interest when she recommended that he waive a jury trial. This fact sufficiently refutes defendant's claim of ineffective assistance of counsel. See *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Nero,* 250 Pa.Superior Ct. 17, 378 A.2d 430 (1977).

 Counsel's failure to file post-trial motions in this case does not warrant a finding of ineffective assistance. Counsel is not required to pursue motions which have no arguable merit. *Commonwealth v. Hubbard,* supra. The primary focus of appellant's argument on this issue is counsel's failure to renew pre-trial suppression motions. The motion to suppress was litigated for two days prior to trial and was denied. After considering the record of the suppression hearing and the Judge's detailed decision following that hearing, we are convinced that counsel justifiably concluded that a renewed motion was of no arguable merit. Counsel was, therefore, not ineffective by virtue of her failure to renew the motion through post-trial motions. See *Commonwealth v. Davenport,* 250 Pa.Superior Ct. 304, 378 A.2d 948 (1977).

 As we noted above, the record establishes reasonable grounds for counsel's advice to defendant. There is no indication that counsel interfered in any way with defendant's freedom to choose his course of action. *Commonwealth v. Hooks,* 483 Pa. 40, 394 A.2d 528 (1978). The colloquies adequately demonstrate that defendant's decisions to waive both a jury trial and post-trial motions were

ultimately his own and made knowingly, voluntarily and intelligently.

Order affirmed.