501 A.2d 656

**COMMONWEALTH of Pennsylvania**

v.

**Derrick SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 6, 1985.

Filed Nov. 29, 1985.

Petition for Allowance of Appeal Denied May 21, 1986.

82

Joseph S. O'Keefe, Norristown, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, TAMILIA and HOFFMAN, JJ.

WICKERSHAM, Judge:

Derrick Smith appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County.

On January 22, 1983, police were called to appellant Smith's residence, where they found Smith and the body of his common law wife, Vivian Pickens. Pickens had been strangled with an electric cord attached to a curling iron. Appellant told police "I killed my baby and she ain't here no more." N.T. 1/30/84, 19.

Appellant was arrested and taken to the police station where he made a formal statement admitting that he had strangled Pickens. Four hours later, he tried to take his own life by hanging himself in the interrogation room.

Appellant was then referred to the Hahnemann Mental Health Services Division as a psychiatric in-patient. The Rule 1100 run date in his case was initially set at July 21, 1983. On July 12, 1983, Smith waived his Rule 1100 rights until October 21, 1983. The Commonwealth concurrently filed a timely petition to extend until the same date. At a pre-trial hearing on July 21, 1983, Smith was found incompetent to stand trial and the Commonwealth amended its original petition to request extension until a date ninety days after he was declared competent. This extension was granted. Appellant was found competent to stand trial on September 20, 1983 and the 90-day extension period was fixed at December 19, 1983. This period was subsequently extended when appellant again waived the rule until February 1, 1984. Appellant was tried on January 30–31, 1984. He was convicted of first degree murder by the Honorable Juanita Kidd Stout. Post-trial motions were filed, argued and denied on April 12, 1984, at which time appellant was sentenced to life imprisonment.

Smith, now represented by new counsel has filed this appeal raising five issues.[1] The first issue that appellant presents is whether he was brought to trial within the time prescribed by Rule 1100. The remaining issues concern the effectiveness of trial counsel in various instances before, during, and after trial.

■ Rule 1100, as pertinent to this case, provides that the Commonwealth has 180 days from the filing of a criminal complaint to bring the defendant to trial. Pa.R.Crim.P. 1100(a)(2).[2] Any delay beyond 180 days must be accounted for either by an extension granted to the Commonwealth under Rule 1100(c),[3] or by an exclusion of time attributable

1. Appellant frames these issues more specifically, as follows:
   1. Was trial counsel ineffective in failing to object to the Assistan[t] District Attorney's application to orally amend the petition for extension of time?
   2. Was trial counsel ineffective in failing to object to the commencement of trial after the extended run date?
   3. Was trial counsel ineffective in having the appellant waive Rule 1100, while incompetent to stand trial?
   4. Was trial counsel ineffective in failing to request a competency hearing for the defendant?
   5. Was trial counsel ineffective in filing only "Boiler Plate" [p]ost verdict motions?
   6. Was trial counsel ineffective in failing to either brief or argue post verdict motions?
   7. Was trial counsel ineffective in withdrawing his motion to suppress the statements of the defendant?
   8. Was the verdict entered against the defendant a nullity?
   9. Should the appellant be discharged as the Commonwealth failed to bring the defendant to trial within the time as extended by the Court of Common Pleas?
   10. Was trial counsel ineffective in failing to adequately prepare his case for trial?
   Brief for Appellant at 2.

2. The rule provides in pertinent part as follows:
   **Rule 1100. Prompt Trial**
   (a)·
   \*     \*     \*     \*     \*     \*
   (2) Trial … shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

3. Rule 1100(c) provides as follows:
   (c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may

to defense delay under Rule 1100(d).[4] *Commonwealth v. Fisher*, 334 Pa.Super. 449, 483 A.2d 537 (1984); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983). After analyzing the procedural history of this case, we conclude that all periods of delay have been properly accounted for under the rule.

■ The running of the 180-day period was initially tolled by Smith's waiver of July 12, 1983 or in the alternative, by the Commonwealth's petition to extend. The running of the 180-day period was otherwise tolled during the same time by Smith's incompetency to stand trial.[5] The period exclud-

apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

4. Rule 1100(d) provides as follows:

*(d) In determining the period for commencement of trial, there shall be excluded therefrom:*

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

*(2) any period of time for which the defendant expressly waives Rule 1100;*

*(3) such period of delay at any stage of the proceedings as results from:*

*(i) the unavailability of the defendant or his attorney;*

(ii) any continuance granted at the request of the defendant or his attorney.

(Emphasis added.)

5. *See* Pa.R.Crim.P. 1100(d). The law is clear that the Commonwealth is constitutionally barred from trying a defendant who is incompetent. *Commonwealth v. McQuaid*, 464 Pa. 499, 347 A.2d 465 (1975);

ed from the rule by his incompetency included all time until September 20, 1983, when appellant was found competent. At that point, in accord with the Commonwealth's amended petition to extend, Rule 1100 was further tolled for 90 days. Finally, the rule was again tolled on October 16, 1983, when appellant waived the running of the rule until February 1 of the following year.

■ Regarding the October 16 waiver, appellant's right to speedy trial and the effect of that right were fully discussed in the colloquy and appellant's responses show his comprehension of the right. *See Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981); *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980). Since the record indicates that appellant's waiver was his informed and voluntary decision, it will be accorded *prima facie* validity. *See Commonwealth v. Green,* 503 Pa. 278, 469 A.2d 552 (1983); *Commonwealth v. Carey,* 313 Pa.Super. 20, 459 A.2d 389 (1983). The validity of this waiver is additionally supported by the fact that unlike the contested first waiver of July 12, 1983, the October 16 waiver was made after Smith was declared competent to stand trial. Thus, treating appellant's waiver as valid without evidence to the contrary, he was timely brought to trial two days before the expiration of that waiver.

In reaching our conclusion, we are guided by the dictates of our Supreme Court in *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 72, 425 A.2d 367, 369–70, 371 (1981):

Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst,* 491 Pa. 151, 153–154, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to

*Commonwealth v. Garnett,* 336 Pa.Super. 313, 485 A.2d 821 (1984); *Commonwealth v. Knight,* 276 Pa.Super. 348, 419 A.2d 492 (1980).

deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197, n. 4, 409 A.2d 308, n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*  *  *  *  *  *

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*See Commonwealth v. Hollingsworth,* 346 Pa.Super. 199, 499 A.2d 381 (1985); *Commonwealth v. Fisher, supra.*

█ Here, it is obvious that the Commonwealth engaged in no misconduct which would thwart appellant's right to a speedy trial. The record shows quite the opposite; that the Commonwealth was ready to afford appellant his speedy trial right and was frustrated in its effort by the "unfortunate happenstance" of appellant's bouts with mental infirmity. *See, Commonwealth v. Fisher, supra.* It was because of appellant's mental condition that the Commonwealth made its request for an extension, because a psychiatric report found appellant incompetent to stand trial when he made his July 12 waiver. Similarly, only when notified at the July 21 hearing that appellant remained incompetent to stand trial at that time did the Commonwealth request the amended extension date. Once appellant was finally found competent to stand trial, his own waiver further extended the running of the rule. Since the Commonwealth

cannot be blamed for failure to timely prosecute where any delay was occasioned by defendant's mental state or his own waiver, we cannot find Rule 1100 to have been violated in this case.

■ We turn next to appellant's allegations of counsel's ineffectiveness. As we observed in *Commonwealth v. Hill,* 340 Pa.Super. 155, 489 A.2d 889 (1985):

Our standard for review of ineffective assistance of counsel claims has changed recently; our prior practice had been to remand for a hearing on ineffectiveness whenever such a claim was made on appeal, if no hearing had been held by the trial court. The Supreme Court, however, condemned that practice in *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984), and set forth a new procedure; the appellate court is to evaluate the ineffectiveness claims and decide whether they have merit. If they have no merit, no evidentiary hearing is necessary. *Id.,* 505 Pa. at 360, 479 A.2d at 957. Accordingly, we must decide whether appellant's claims have merit.

*Id.,* 340 Pa.Superior Ct. at 160, 489 A.2d at 891.[6]

■ Initially, we address appellant's claim that counsel was ineffective for failing to object to the Commonwealth's oral amendment to its petition for extension of time. Rule 1100(c)[7] permits the Commonwealth to apply to the trial court for an order extending the time for commencing trial

6. Whether the issue underlying a claim of ineffectiveness is of "arguable merit" is the first prong of the two-pronged test used by our courts to determine ineffective performance of counsel. Only if appellant's claim satisfies this first prong is an evaluation of counsel's trial tactics necessary to determine whether the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). *See Commonwealth v. Kerpan,* 508 Pa. 418, 498 A.2d 829 (1985); *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985); *Commonwealth v. Brunner,* 341 Pa.Super. 64, 491 A.2d 150 (1985); *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984).

7. *See supra* at note 3.

against a defendant. The Commonwealth timely filed a written petition in compliance with the requirements of the rule. On July 21, 1983, at a pretrial hearing at which appellant's counsel was present, the Commonwealth requested an amendment to this petition when evidence of appellant's incompetency necessitated a change in the date requested. This was not a new request but merely a reasonable amendment to the existing petition which previously established the Commonwealth's diligence and provided appellant with the requisite notice.

Appellant cites *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976) and other cases as support for the proposition that a petition for extension must be in writing and asserts that trial counsel was therefore ineffective for failing to object to the oral amendment. Appellant mistakenly treats the amendment as a separate entity from the original petition. Our own examination of the petition as amended leads us to conclude that it did not suffer the fatal defects of those petitions in the cases cited by appellant. In those cases, the prosecution filed mere form petitions making only the bare assertion that the Commonwealth had observed "due diligence" in its effort to have the case tried in a timely manner. In the instant case however, the Commonwealth's petition as amended fully recited the facts which occasioned the delay, including appellant's waiver and incompetency to stand trial. Clearly, the petition as amended was not the same as those our court denounced in *Ray* and the other cited cases.

█ Additionally, the period at issue in the requested extension was otherwise excluded by Rule 1100(d)(3)(i).[8] *See Commonwealth v. Millard*, 273 Pa.Super. 523, 417 A.2d 1171 (1979). Thus, any objection to the postponement of trial to a time after appellant became competent would have been futile. Counsel cannot be deemed ineffective for failure to file a motion to dismiss or for failure to oppose the Commonwealth's petition when such actions would have been frivolous. *Commonwealth v. Hubbard*, 472 Pa. 259,

8. *See supra* at note 4.

372 A.2d 687 (1977). *Commonwealth v. Graves,* 316 Pa.Super. 484, 463 A.2d 467 (1983).

■ Moreover, even were we to find that trial counsel erred in failing to object to amendment of the petition, our supreme court's ruling in *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) indicates that appellant may not now be discharged under Rule 1100 by accusing trial counsel of ineffective assistance, because appellant was not prejudiced. As the Court stated in *Crowley:*

> When defense counsel fails to object to a Commonwealth petition for an extension of time, we will not discharge the defendant unless he has been deprived of his underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Such a failure to assert a basic constitutional right is likely to also involve an additional Sixth Amendment denial of the basic right to effective counsel.

*Id.,* 502 Pa. at 404–05, 466 A.2d at 1015. We find that any delay incurred because of counsel's inaction in the instant case did not seriously implicate appellant's right to a speedy trial. Indeed, its effect protected appellant's even more basic right to a fair trial when he was competent.

■ We turn to appellant's assertion that trial counsel was ineffective in permitting appellant to waive Rule 1100 on July 12, 1983. Appellant claims that because he was incompetent to stand trial when he waived Rule 1100, that waiver was automatically invalidated. Appellant equates his incompetency to stand trial with his incompetency to waive his right under the rule.

We are unpersuaded by this logic. Here, appellant waived the rule in a formal colloquy with Judge Paul Ribner. Judge Ribner found him to have knowingly and voluntarily waived Rule 1100 in that proceeding. *See Commonwealth v. Green, supra, Commonwealth v. Carey, supra.* When Judge Ribner arrived at this conclusion, the

court was in possession of the psychiatric report of June 29, 1983 in which Dr. Grosso found appellant incompetent to stand trial. It should be noted, however, that the same report also indicated that Smith had a full understanding of court procedure and the functions of the different parties to a trial, and comprehended the nature of the act for which he was charged. These facts lead us to conclude, as obviously did Judge Ribner, that appellant's incompetency was specific to his ability to stand trial and that his capacity to make a valid waiver was not affected.

▉▉▉▉ Appellant next complains that trial counsel was ineffective in not requesting a competency hearing before trial. He claims that having once been declared incompetent, his attorney should have requested a hearing on his competency. Appellant misreads 50 P.S. § 7402(d), which provides, as follows:

> **(d) Hearing; When Required.**—The court, either on application or on its own motion, may order an incompetency examination at any stage in the proceedings and *may do so without a hearing unless the examination is objected to by the person charged with a crime or by his counsel. In such event, an examination shall be ordered only after determination upon a hearing that there is a prima facie question of incompetency.*

(Emphasis added.)

Where there is no objection by counsel to an incompetency examination, a hearing is not a precondition to such an examination. In fact, in the instant case, appellant was thrice examined by order of the court and ultimately found competent to stand trial.[9] Requesting a competency hearing under such circumstances would have been an exercise in futility, and counsel was not ineffective for failing to

9. We note that counsel's stipulation to the contents of Dr. Grosso's September 12 report did not amount to "his stipulating to the defendant's competency." *See* Brief of Appellant at 4. This stipulation merely saved the psychiatrist a trip to court to testify to the same opinion stated in the September 12 report. Appellant was only found legally competent after Judge Stout considered the report and decided to accept the expert's opinion.

make such a request. *See Commonwealth v. Edward,* 303 Pa.Super. 454, 450 A.2d 15 (1982); *Commonwealth v. O'Brien,* 273 Pa.Super. 198, 417 A.2d 236 (1979).

▪ Appellant's claim that trial counsel was also ineffective for failing to object when the 180-day period expired on December 19, 1983 may be summarily dismissed. As we have previously concluded, appellant made a valid waiver of Rule 1100 until February 1, 1984. Counsel cannot be ineffective for failure to file a Rule 1100(f) petition when such a motion would not have been appropriate. *See Commonwealth v. Courts,* 315 Pa.Super. 108, 461 A.2d 820 (1983); *Commonwealth v. Davis,* 279 Pa.Super. 218, 420 A.2d 1111 (1980).

▪ Finally, we address appellant's claims that trial counsel provided ineffective assistance during trial and thereafter in various instances. Appellant complains that trial counsel was ineffective for failing to litigate the pretrial motion he filed seeking to suppress appellant's confession. Appellant actually made two confessions; the first one a spontaneous utterance at the scene of the murder, N.T. 1/30/84, 19; and, the other a statement to police after his arrest, N.T. 1/30/84, 76–80. An examination of the record shows that the first statement was a non-custodial one, where no *Miranda* warnings were necessary, while the other statement was given voluntarily with all necessary warnings.[10] Trial counsel cannot be held to have been ineffective for failing to raise issues which are clearly nonmeritorious. *Commonwealth v. Ross,* 273 Pa.Super. 67, 416 A.2d 1092 (1979).

▪ Appellant also accuses counsel of ineffectiveness in being inadequately prepared for trial; in failing to investigate the circumstances of the crime; and in his interviewing and preparing witnesses. The trial record does not support

10. Smith's later suicide attempt is irrelevant to his *Miranda* waiver and confession since Smith was calm and coherent during the taking of his statement at the police station. *Cf. Commonwealth v. Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982) (later symptoms of drug withdrawal irrelevant to defendant's earlier confession).

such allegations. Counsel showed diligence in filing pre-trial motions for the appointment of an investigator and a medical expert; and further, in procuring witnesses in support of Smith's insanity defense. Appellant seeks to use his trial attorney's presentation of Lawrence Smith's testimony as evidence that he was unprepared for trial. A reading of the record shows however, that counsel's line of questioning was intended to reveal that Smith, although appellant's brother, was a potentially hostile witness since he had been subpoenaed by the Commonwealth. Even if the effect of Lawrence Smith's testimony was to harm rather than help appellant's case, this does not establish ineffective assistance. *See Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983) (defense counsel's calling two witnesses who harmed defendant's case did not constitute ineffectiveness).

Appellant also cites counsel's visiting him in prison only once as evidence that counsel was unprepared for trial. This claim lacks merit since the shortness of time spent consulting with a defendant, does not, standing alone, render counsel ineffective. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973). We conclude that appellant has not proved counsel was unprepared for trial so as to render his assistance ineffective.

Finally, appellant accuses his trial counsel of ineffective representation for having filed "boiler-plate" post-trial motions which he failed to brief or argue. Because appellant does not articulate any specific issues that trial counsel properly should have raised however, this claim must fail. *Commonwealth v. Rhodes,* 272 Pa.Super. 546, 416 A.2d 1031 (1979). We note also that the trial judge indicated that no meritorious issues existed. N.T. 4/12/84, 2. Counsel's failure to file post-trial motions will not warrant a finding of ineffective assistance where counsel is justified in concluding that such motions would be of no arguable merit. *See Commonwealth v. Bradley,* 326 Pa. Super. 262, 473 A.2d 1082 (1984) (counsel not ineffective where he justifiably concluded from judge's decision deny-

ing defendant's suppression motion that motion was of no arguable merit). Regarding counsel's failure to brief or argue these motions, appellant neglects to point out how a brief would have improved his position and misstates the facts, since argument does appear in the notes of testimony of April 12, 1984, pages 2–3. Counsel cannot be held to have been ineffective simply because his argument did not have the effect desired by appellant. In sum, we conclude that all allegations of counsel's ineffectiveness with respect to post-trial motions are without merit.

Since we have dismissed all of appellant's issues, we affirm the judgment of sentence of the lower court.

Judgment of sentence affirmed.