521 A.2d 940

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Paula ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1986.

Filed Jan. 6, 1987.

Reargument Denied March 20, 1987.

Edward R. Eidelman, Public Defender, Allentown, for appellant.

Harold S. Stevens, Assistant District Attorney, Allentown, for Com., appellee.

Before CAVANAUGH, McEWEN and MONTEMURO, JJ.

CAVANAUGH, Judge:

The sole issue raised in this appeal is whether the lower court erred in granting a Commonwealth motion to consolidate and in denying a defense motion to sever three charges of prostitution, 18 P.S. § 5902(a)(1) and (2).

Appellant was arrested on August 24, 1984 for a prostitution offense which occurred on August 21, 1984; she was arrested on November 9, 1984 for an offense committed on November 8, 1984; and she was arrested on February 1, 1985 for the offense committed on January 30, 1985. Appellant was held over on all charges in separate informations. The lower court granted the Commonwealth's mo-

tion to consolidate the cases, and denied the defense motion to sever because it found that evidence of each offense would be admissible at a separate trial for the others since appellant employed a distinctive *modus operandi.* The *modus operandi,* the lower court found, was revealed in the following similarities:

1. Appellant loitered in an area of Allentown known as the "tenderloin;"
2. Only white males were solicited;
3. These men drove cars on public streets; and
4. The verbal exchanges were similar.

From these circumstances, the Commonwealth asks us to find that the separate crimes were so nearly identical that it was very unlikely that anyone other than appellant committed all three. This we decline to do. Rather, we find that the lower court abused its discretion in consolidating the trials.

The standard for consolidation of informations is contained in Pa.R.Crim.P. 1127 A.

Rule 1127. Joinder—Trial of Separate or Informations

A. Standards

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

In determining those instances in which "the evidence of each of the offenses would be admissible in a separate trial for the other," our courts have stated the following:

It is black letter law that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. See *Commonwealth v. Foose,* 441 Pa. 173, 272 A.2d 452 (1971). How-

ever, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection betwen the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. See *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955).

*Commonwealth v. Peterson*, 453 Pa. 187, 197–193, 307 A.2d 264, 269 (1973), quoted in *Commonwealth v. Brown*, 351 Pa.Super. 119, 127, 505 A.2d 295, 299 (1986). As noted by this court's opinion in *Brown*, the Supreme Court in *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981), explained that a distinctive *modus operandi* exists where "crimes of the accused [are] so nearly identical in method as to earmark them as the handiwork of the accused ... [T]here must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others." *Commonwealth v. Brown*, 351 Pa.Super. at 128, 505 A.2d at 299; quoting *Commonwealth v. Morris*, 493 Pa. 164, 176, 425 A.2d 715, 720–721.

Our cases have cited with favor Professor McCormick's treatise on evidence on this point, *McCormick on Evidence*, § 190, at 448–451 (2d Ed. 1972), wherein he states that, "the device used must be so unusual or distinctive as to be like a signature." *Commonwealth v. Morris, supra*, 493 Pa. at 176, 425 A.2d at 720, *Commonwealth v. Patterson*, 484 Pa. 374, 378, n. 6, 399 A.2d 123, 126, n. 6 (1979), *Commonwealth v. Blady*, 298 Pa.Super. 82, 444 A.2d 670 (1982).

The instant case does not present a set of facts that indicates that no one other than appellant was likely to have

committed all three crimes. Indeed, the circumstances surrounding the commission of the three offenses are without distinguishing elements. As noted by appellant, it is not difficult to imagine any number of prostitution prosecutions in which these similarities would be present. The offenses were separated from one another over a period of months. That they occurred within the same general area over that period of time is not probative on the matter of consolidation. As the record indicates, the "tenderloin" area of Allentown is an area of some seven square blocks which is known for its prostitution activity. Clearly, we cannot assume that appellant was the only individual within this enclave who was likely to be soliciting white males in cars. The arresting officers testified that they chose to patrol the area because it was frequented by prostitutes who walk in the streets and loiter on steps, corners and laundromats.

Similarly, the fact that white males driving on public streets were the objects of attention and that verbal exchanges occurred between the officers and appellant does not cause the inevitable conclusion that the crimes bear the earmark of only one possible actor. On the contrary, the similarities found by the trial court are quite possibly present in the majority of prostitution cases occurring within this area of Allentown. This court does not find it remarkable that in the course of committing the crime of prostitution, a defendant is present within a known red light district and engages in verbal exchanges with males in cars. In our urban areas, this occurrence, while lamentable, is rendered less distinctive for its frequency rather than more. As the Supreme Court stated in *Commonwealth v. Morris,* supra, 493 Pa. at 176, 425 A.2d at 721:

> The Commonwealth must show more than the other crimes are of the same class as the one for which the defendant is being tried. Rather, there must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others.

See, *Commonwealth v. Fortune,* [464 Pa. 367, 346 A.2d 783 (1975)].

*Ibid.,* quoted in *Commonwealth v. Brown,* supra, 351 Pa. Superior Ct. at 128, 505 A.2d at 299.

On the basis of the facts before it, the lower court erred in ordering consolidation of the three offenses. Evidence of one crime would not be admissible at trial of the others on the basis of a similar *modus operandi.* The appellant's motion to sever should have been granted.

Judgment of sentence reversed and a new trial on each offense is ordered. Jurisdiction is not retained.