549 A.2d 1296

**COMMONWEALTH of Pennsylvania**

v.

**Freddie GIBBONS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 9, 1988.

Filed Nov. 4, 1988.

Maryann F. Swift, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for robbery, 18 Pa.C.S.A. § 1103, and possession of an instrument of crime, 18 Pa.C.S.A. § 1104. Appellant contends that the trial court erred in (1) denying his motion to dismiss under Pa.R.Crim.P. 1100; (2) granting the Commonwealth's motion to consolidate six separate cases for trial; (3) denying his motion to suppress evidence seized during a consent search of appellant's home; (4) excusing a juror; and (5) refusing to charge the jury to view identification testimony with caution. Appellant also contends that the court abused its discretion in imposing an excessive sentence. For the reasons set forth below, we affirm the judgment of sentence.

On December 13, 1985, appellant was arrested and charged with six counts of robbery and six counts of possession of an instrument of crime. The charges stemmed from six separate incidents that occurred over a three month period in 1985. The Commonwealth filed, and the court below granted, a motion to consolidate the six cases on the basis that they involved a common scheme. Following a jury trial, appellant was found guilty of all charges. Post-trial motions were filed and denied. Appellant was sentenced to an aggregate term of twenty-one-to-forty-two years imprisonment. This appeal followed.

Appellant contends initially that the court erred in denying his pre-trial petition to dismiss under Rule 1100. According to appellant, Rule 1100 requires that all requests for extension of trial date must be in writing. Specifically, appellant argues that because the Commonwealth orally

amended its petition and failed to file a written amendment as required by Rule 1100, the Commonwealth did not comply with the requirements of Rule 1100. We disagree.

Pennsylvania Rule of Criminal Procedure 1100 sets forth the prompt trial requirement and provides in relevant part:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

*Id.* Rule 1100 mandates that a defendant be discharged unless all periods of delay beyond the one-hundred-eighty day run date for the commencement of trial are attributable to either an extension granted to the Commonwealth or an exclusion of time resulting from either the unavailability of defendant or counsel, or a continuance chargeable to the defense. Pa.R.Crim.P. 1100(c)(1) and (d)(3). *See also Commonwealth v. Lafty,* 333 Pa.Super. 428, 433, 482 A.2d 643, 645 (1984).

Prior to the expiration of the date scheduled for the commencement of trial, the Commonwealth may apply to the court for an order extending the trial date. Pa.R. Crim.P. 1100(c)(1). "Where the Commonwealth, despite due diligence, cannot timely bring a defendant to trial because of judicial delay, the court properly may grant an extension." *Commonwealth v. Colon,* 317 Pa.Super. 412, 420, 464 A.2d 388, 392 (1983). Once the Commonwealth has filed a petition for an extension, it may orally amend the existing petition provided that notice was given to defendant at the time of the filing of the initial petition. *Commonwealth v. Smith,* 348 Pa.Super. 81, 90–91, 501 A.2d 656, 661 (1985).

Here, the written complaint against appellant was filed on December 10, 1985, and the run date for the commencement of trial was June 11, 1986. Appellant's trial, however, did not commence until October 7, 1987, five-hundred-eighteen days after the complaint was filed. The running of the one-hundred-eighty-day period was initially tolled for four months by the unavailability of the trial judge. *See Commonwealth v. Colon,* 317 Pa.Super. at 420, 464 A.2d at 392.

In addition, because of several requests for continuances and defense counsel's unavailability as a result of other trial commitments, appellant concedes, in his brief, that two-hundred-twenty-eight days are excludable from the computation. *See* Pa.R.Crim.P. 1100(d)(3)(i) and (ii).

In response to the judicial delay, the Commonwealth filed a written petition requesting additional time for trial premised on the preparation time necessary to accommodate the consolidation of the six cases. The petition was timely filed and served on appellant and it maintained how the Commonwealth was diligent in attempting to bring appellant to trial despite the court's and defense counsel's scheduling problems (the court's four month unavailability and the withdrawal of initial counsel). *See Commonwealth v. Colon,* 317 Pa.Super. at 420, 464 A.2d at 395. The court granted the petition.

On three subsequent occasions, the Commonwealth orally amended its petition. The grounds for the amendments included a defense request for a continuance, unavailability of defense counsel, and judicial delay. *See Commonwealth v. Smith,* 348 Pa.Super. at 91, 501 A.2d at 661. The court granted the amendments and again extended the date for trial. We note that the Commonwealth's oral amendments were not separate entities from the original petition, but requests to enlarge the period of time as a primary result of the court's and defense counsel's scheduling problems. *See id.* Thus, because the Commonwealth previously filed a written petition meeting all the requirements of Rule 1100, the oral amendments were permissible. *See id.*

Accordingly, because the amendments were not new requests but "merely ... reasonable amendment[s] to the existing petition which previously established the Commonwealth's diligence and provided appellant with the requisite notice." *id.,* the Commonwealth's oral amendments were not improper.

Additionally, appellant's claim is without substance because after deducting the excludable and extendable time from the period of time between the filing of the complaint and the commencement of trial, appellant was tried well

within one-hundred-eighty days. Thus, the court correctly denied appellant's motion to dismiss under Rule 1100. *See id.*

■ Appellant next contends that the court erred in granting the Commonwealth's motion to consolidate the six cases pending against him. Appellant argues that the Commonwealth failed to offer proof that all the crimes were the product of the same common scheme. According to appellant he was prejudiced by the consolidation of his six separate cases, because it permitted evidence of unrelated crimes to be presented to the jury. Because the court improperly granted the motion to consolidate, appellant believes that he is entitled to six new individual trials. We disagree.

The decision to grant or deny a motion for consolidation of charges for trial is a matter within the discretion of the trial court judge, and that decision shall not be reversed absent a manifest abuse of discretion or a showing of prejudice and clear injustice to the defendant. *Commonwealth v. Peppers,* 357 Pa.Super. 270, 274, 515 A.2d 971, 973 (1986) (citations omitted); *Commonwealth v. Thomas,* 361 Pa.Super. 1, 6, 521 A.2d 442, 445 (1987). The consolidation of indictments or informations for trial is encouraged when the needs of judicial economy will be best served. *Commonwealth v. Thomas,* 361 Pa.Super. at 6, 521 A.2d at 445 (1987).

> The test of whether consolidation is proper is related to the test of whether evidence of one crime may be admitted at trial for another. The present rule in Pennsylvania [Pa.R.Crim.P. 1127] is that consolidation is proper ... if (1) the facts and elements of the two crimes are easily separable in the minds of the jury; [or] (2) the crimes are such that the fact of the commission of each crime would be admissible as evidence in a separate trial for the other.

*Commonwealth v. Galloway,* 302 Pa.Super. 145, 154, 448 A.2d 568, 573 (1982) (citations omitted).

Although as a general rule evidence of crimes unrelated to the one charged are inadmissible, it is well-established that evidence of one crime is admissible in limited circum-

stances against a defendant where it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Robinson*, 361 Pa.Super. 87, 89–90, 521 A.2d 940, 941 (1987) (citing *Commonwealth v. Peterson*, 453 Pa. 187, 197–193, 307 A.2d 264, 269 (1973), quoted in *Commonwealth v. Brown*, 351 Pa.Super. 119, 505 A.2d 295, 299 (1986)). Generally, when the evidence is relevant and concerns one of these five issues, the prejudicial effect to the defendant may be outweighed by the probative value. *Commonwealth v. Clayton*, 516 Pa. 263, 276 n. 8, 532 A.2d 385, 392 n. 8 (1987).

Here, we are satisfied that there is sufficient similarity between the cases to justify consolidation and admission of evidence regarding each at the trial for the other for the purpose of showing a common scheme. Factually, all the offenses are of the same character within the meaning of Rule 1127(A)(1). Each of the six offenses was a robbery and involved identical methods. The Commonwealth offered proof of the following common elements of the six separate offenses: Each of the six victims was a delivery-man in the process of making a delivery in the early afternoon hours. All of the offenses occurred during a five-and-one-half week period and all took place within the same vicinity. All the victims were robbed at knifepoint by a single actor and had money taken directly from their pants pockets.

Consolidation is proper "where the crimes are such that the fact of the commission of each crime would be admissible as evidence in a separate trial for the other." Pa.R. Crim.P. 1127A(1)(a); *See Commonwealth v. Galloway*, 302 Pa.Super. at 154, 448 A.2d at 573. Based on the foregoing facts, the crimes in question amount to a series of events sharing the same common features and creating a sufficient likelihood that the same individual was responsible for the crimes. *See Commonwealth v. Clayton*, 516 Pa. at 276,

532 A.2d at 393. Thus, the offenses are sufficiently linked as to be admissible as evidence in each of the other trials. *See Commonwealth v. Galloway*, 302 Pa.Super. at 154, 448 A.2d at 573. Moreover, because evidence of each offense would be permissible and relevant for the purpose of showing a common design, appellant's claim that he was prejudiced by the introduction of evidence of all six offenses consolidation is without merit. *See Commonwealth v. Clayton*, 516 Pa. at 276, 532 A.2d at 393. Accordingly, we conclude that the lower court did not abuse its discretion in granting the motion to consolidate. *See Commonwealth v. Peppers*, 357 Pa.Super. at 274–75, 515 A.2d at 973.

Next, appellant contends that the lower court erred in refusing to suppress the items seized from his bedroom during an invalid consent search. Specifically, appellant argues that the search was defective on three grounds. First, appellant contends that because he is an adult, his mother was unable to consent to a search of his room. Second, appellant contends that when the police officers asked for permission to search the premises, they failed to inform his mother that if she did not consent, a warrant would be obtained in order to search the premises. Third, appellant contends that the police officers failed to "memorialize" the search until after its completion. We will address these contentions seriatim.

■ Initially, appellant argues that because he is an adult his mother lacked authority to consent to the search and thus, the search was invalid. We disagree.

The law is well-settled that a warrantless search may be made with the voluntary consent of a third party who possesses "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *Commonwealth v. Lowery*, 305 Pa.Super. 66, 73, 451 A.2d 245, 248 (1982) (citing *United States v. Matlock*, 415 U.S. 164, 168, 172, 94 S.Ct. 988, 991–92, 993–94, 39 L.Ed.2d 242 (1974)).

> Common authority ... rests ... on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to

recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* 305 Pa.Super. at 73, 451 A.2d at 248 (quoting *United States v. Matlock,* 415 U.S. at 173, n. 7, 94 S.Ct. at 993–94, n. 7) (citations omitted). Our courts have held that a family member has the common authority to permit a search of the family home unless one family member has manifested and exhibited an intent to exclude others from certain areas of the home. *Commonwealth v. Van Jordan,* 310 Pa.Super. 516, 523, 456 A.2d 1055, 1058 (1983); *Commonwealth v. Lowery,* 305 Pa.Super. at 73, 451 A.2d at 247–48; *Commonwealth v. Reiland,* 241 Pa.Super. 109, 115–16, 359 A.2d 811, 814 (1976). Absent such an intention, where there exists joint access or control, there can be no reasonable or legitimate expectation of privacy and thus, a warrantless search may be made with the voluntary consent of a third party. *Commonwealth v. Lowery,* 305 Pa.Super. at 73, 451 A.2d at 248.

In this analysis, we note that when the findings of the suppression court are sufficiently supported by the record, they will not be disturbed on appeal. *Commonwealth v. Lowery,* 305 Pa.Super. at 69, 451 A.2d at 246.

Here, appellant mistakenly challenges the validity of the search on the basis that his status as an adult precludes his mother from giving her consent to a search of their house. The law is very clear, however, that the determination of whether a third party may consent to a warrantless search does not depend on the age of the nonassenting party but on the "common authority" or "special relationship" shared by the cohabitants of the premises. *See id.,* 305 Pa.Superior Ct. at 73, 451 A.2d at 248.

In this case, our review of the record discloses that appellant resided with his mother and family in their home. *See* Motion to Suppress at 164, 176. When the police asked appellant's mother for her permission to search the premises, she voluntarily consented to the search. *See id.* at 165. Subsequently, at the suppression hearing, appellant neither

claimed nor introduced evidence that his mother did not share dominion over the premises or that he had expressed an intent to exclude persons from his bedroom. *See* Motion to Suppress at 164–179. *See also Commonwealth v. Van Jordan,* 310 Pa.Super. 516, 523, 456 A.2d 1055, 1058 (1983); *Commonwealth v. Lowery,* 305 Pa.Super. at 73, 451 A.2d at 247–48; *Commonwealth v. Reiland,* 241 Pa.Super. 109, 115–16, 359 A.2d 811, 814 (1976). Moreover, this court has held that, "a parent has the authority to consent to a search of his [or her] child's quarters in the parent's home", unless the child has manifested an expectation of privacy. *Commonwealth v. Lowery,* 305 Pa.Super. at 73, 451 A.2d at 247–48 (citing *Commonwealth v. Reiland,* 241 Pa.Super. at 115, 359 A.2d at 814). Accordingly, because appellant's mother possessed "common authority" over the premises and because appellant did not manifest an expectation of privacy, we conclude that the lower court did not err in finding that the consent search was not invalid on this ground.

■ Appellant's second argument is that the police were required to inform his mother that without her consent, a search warrant would be issued. Appellant fails to cite any legal authority for this proposition nor does he present an argument on this point. Accordingly, because this issue is not addressed in the argument portion of appellant's brief, appellant has failed to comply with the briefing requirement pursuant to Pa.R.A.P. 2119, and has waived this claim. *See Commonwealth v. Colbert,* 476 Pa. 531, 534–35 n. 1, 383 A.2d 490, 491–92 n. 1 (1978) (claim waived when no argument presented in appellate brief).

■ Appellant's third argument is that the police were required to have appellant's mother sign a consent form before searching appellant's home. According to appellant, the police are required by Pa.R.Crim.P. 2008 to memorialize a search before conducting it and then provide a copy of the receipt listing any property seized from the premises to the consenting party. Appellant argues that the failure of the police to follow this procedure invalidates the search of his home. We disagree.

Under Pennsylvania law, a valid consent search requires that the consent be voluntary and not the result of duress, force or coercion. *Commonwealth v. Markman*, 320 Pa. Super. 304, 314, 467 A.2d 336, 341–42 (1983). There is no additional requirement that a consent search be memorialized by a signed written consent. *Id.*

> For it would be thoroughly impractical to impose on the normal consent search the detailed requirements of an effective warning. Consent searches are part of the standard investigatory techniques of law enforcement agencies. They normally occur on the highway, or in a person's home or office, and under informal and unstructured conditions.

*Id.*, 320 Pa.Superior Ct. at 315, 467 A.2d at 342 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 231–32, 93 S.Ct. 2041, 2050, 36 L.Ed.2d 854 (1973)).

Here, appellant is misguided in his assertion that the directives of Rule 2008 apply to this case. As the Commonwealth correctly points out in its brief, *see* Brief for Appellee at 18–19, Rule 2008 pertains only to searches conducted pursuant to a warrant. *See* Pa.R.Crim.P. 2008. *See also Commonwealth v. Markman*, 320 Pa.Super. at 315, 467 A.2d at 342. In this case, the search was consented to by appellant's mother and, therefore, the police were not required to have the consenting party sign an acknowledgment form either before or after the search was conducted. *See id.* Because Rule 2008 does not apply to consent searches, appellant was neither prejudiced nor were his rights violated when the police drafted a consent form after the completion of the search and had appellant's mother sign the form at that time.

Accordingly, the trial court properly denied appellant's suppression motion and permitted the introduction into evidence of items seized during the search.

■ Appellant further contends that the court below committed reversible error when it excused a juror, during individual voir dire, after the juror complained that she was "too nervous" to sit on the jury. Appellant argues that the court's removal of the juror was an abuse of discretion and

a denial of his right to a jury of his own selection and that a new trial is warranted. We disagree.

It is well-settled that the discharge of a juror is within the sound discretion of the court and that determination will not be reversed absent a palpable abuse of discretion. *Commonwealth v. Graves*, 316 Pa.Super. 484, 492, 463 A.2d 467, 471 (1983); *Commonwealth v. Black*, 474 Pa. 47, 57, 376 A.2d 627, 632 (1977).

In this case, after five jurors had been selected from the venire, the court continued the individual voir dire of the remaining venirepersons. At that time, the court crier advised the court that one of the selected jurors, Kecia Brinkley, voiced her concern that she was too nervous to sit on the jury. *See* N.T. October 7, 1987 at 34. Thereupon, over defense counsel's objection, the court excused Kecia Brinkley from the jury. *See id.* In its opinion, the court stated that the juror could not fulfill her role as a competent juror and to ensure that appellant received a fair and impartial trial, it excused the juror as a precautionary measure. *See* Trial Court Opinion at 4. It was well within the court's discretion to excuse the juror on the basis that she could not function in her capacity as a member of the jury. *See Commonwealth v. Graves*, 316 Pa.Super. at 492, 463 A.2d at 471; *Commonwealth v. Black*, 474 Pa. at 57, 376 A.2d at 629.

Moreover, appellant did not object to any of the other jurors selected from the venire after Kecia Brinkley was excused. *See* N.T. Jury Voir Dire October 7, 1987 at 34–40. Furthermore, appellant has not alleged that any of the jury members should have been stricken for cause. Accordingly, because appellant received a fair trial by an impartial jury, we conclude that the lower court did not abuse its discretion in excusing Kecia Brinkley because of her inability to perform as a juror. *See Commonwealth v. Graves*, 316 Pa.Super. at 492, 463 A.2d at 471; *Commonwealth v. Black*, 474 Pa. at 57, 376 A.2d at 629.

Next, appellant contends that the court erred in denying his request for a jury instruction on the issue of the court's denial of his motion for a pre-trial line-up.

Specifically, appellant argues that the jury should have been given a *Sexton* charge to cure the suggestiveness of his in-court identification. *Commonwealth v. Sexton,* 485 Pa. 17, 400 A.2d 1289 (1979).

In *Commonwealth v. Sexton,* the Pennsylvania Supreme Court held that there is no constitutional right to a pre-trial line-up. *Id.,* 485 Pa. at 25, 400 A.2d at 1292 (1979). In those circumstances, however, where a witness had no opportunity to view the defendant prior to making an in-court identification, the court stated that the harm caused by the suggestive in-court confrontation could be remedied by advising the jury that the defendant sought and was denied an opportunity for a more objective setting than the one from which the identification introduced at trial emanated. *Id.,* 485 Pa. at 25, 400 A.2d at 1293.

Here, the lower court properly denied appellant's request for a *Sexton* charge. The justification for a *Sexton* charge is that because of the absence of *any* pre-trial identification, the suggestiveness of the in-court identification becomes overwhelming and must be tempered with a cautionary instruction. In *Sexton,* the sole evidence linking the defendant to the crime was the in-court identification testimony of two witnesses. *See id.,* 485 Pa. at 25, 400 A.2d 1293. In the instant case, however, after independently viewing a pre-trial photographic array, each of the six victims identified appellant. *See* N.T. October 8, 1987 at 188–89. The pre-trial photographic identification presented an opportunity for the victims to view appellant in an objective setting outside of the courtroom. Clearly, the circumstances that existed in *Sexton* were not present in this case and a *Sexton* charge would have been inappropriate. Accordingly, because there was a pre-trial identification, the victim's in-court identification of appellant had an independent basis and was not unduly suggestive. *See Commonwealth v. Butler,* 354 Pa.Super. 533, 543–44, 512 A.2d 667, 673 (1986) (presence of other identification evidence negated need for *Sexton* charge). We, therefore, conclude that lower court did not abuse its discretion in denying appellant's request for a *Sexton* charge.

■ Finally, appellant contends that the sentencing court abused its discretion by imposing an excessive sentence. This claim is waived. To preserve a sentencing claim challenging the discretionary aspects of sentencing for our review, an appellant must comply with the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In *Commonwealth v. Krum*, 367 Pa.Super. 511, 520, 533 A.2d 134, 135 (1987), this Court, sitting en banc, held that an appellant's failure to comply with the requirements of *Tuladziecki* and Pa.R.A.P. 2119(f), if not objected to by the appellee, is a waivable procedural violation. *Id.*, 367 Pa.Superior Ct. at 520, 533 A.2d at 138.

Here, appellant has failed to comply with Rule 2119(f) and the requirements of *Tuladziecki* by not filing a statement of reasons for allowance of appeal setting forth his sentencing claim. The Commonwealth has objected to this defect in appellant's brief. *See* Brief for Appellee at 12. Accordingly, because appellant failed to comply with Rule 2119(f) and *Tuladziecki*, and because the Commonwealth has objected, appellant's sentencing claim is waived. *See Commonwealth v. Krum*, 367 Pa.Super. at 520, 533 A.2d at 135.

For the reasons set forth above, we affirm the judgment of sentence

JUDGMENT AFFIRMED.