499 A.2d 358

**COMMONWEALTH of Pennsylvania**

**v.**

**Jeffrey SAUL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Sept. 27, 1985.

Petition for Allowance of Appeal Denied
April 29, 1986.

Susan C. DeYoung, Assistant Public Defender, Camp Hill, for appellant.

Katherene E. Holtzinger-Conner, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

CERCONE, Judge:

This is an appeal from judgment of sentence rendered by the Court of Common Pleas, Dauphin County. Appellant was found guilty of unlawful delivery of a controlled substance and sentenced to serve three to twenty-three months incarceration. He is presently free on bail.

On April 6, 1983, Detective David Teel of the Harrisburg Police Department, along with a confidential informant, purchased a controlled substance from appellant's residence in Susquehanna Township, Dauphin County. At the time of the controlled buy, Teel was working as a member of the Harrisburg Police Department in Dauphin County and

knowingly went beyond the geographical bounds of the City of Harrisburg for the express purpose of conducting an investigation of drug activity involving a residence in Susquehanna Township. There is no evidence in the record that Teel had been requested to participate in such activity by the Susquehanna Township police nor is there evidence of any agreement of cooperation between the officials of Harrisburg and Susquehanna Township.

Detective Teel secured the issuance of a criminal complaint in Dauphin County charging appellant with one count of unlawful delivery of a controlled substance. Prior to trial, the lower court quashed the complaint on the grounds that Teel could not be an affiant in a criminal complaint on a matter which arose outside his jurisdiction. The charges were refiled by the Dauphin County District Attorney's Office. Appellant waived his right to a preliminary hearing and was formally arraigned.

A motion to suppress the evidence seized was filed by appellant. This motion raised the same issues raised in the earlier motion to quash. After a hearing on the motion, the court issued an order which denied appellant's motion. Appellant was convicted and sentenced. This appeal followed.

Appellant raises two issues on appeal. The first is whether Detective Teel had illegally conducted a police investigation outside his geographical jurisdiction without statutory authority. The second related issue is whether a motion to suppress is the proper method by which to attack an illegal investigation and its consequential production of evidence. These are questions of first impression in this Commonwealth.

The statutory limitation on a police officer acting beyond his geographical area is found in the Municipal Police Jurisdiction Act, 42 Pa.C.S.A. § 8951 *et seq.*, (the Act), which reads, in pertinent part:

(a) General rule—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the

power and *authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office* as if enforcing those laws on performing those functions within the territorial limits of his primary jurisdiction in the following cases:

(1) Where the officer is acting pursuant to an order issued by a court of record or an order issued by a district magistrate whose magisterial district is located within the judicail district wherein the officer's primary jurisdiction is situated, or where the officer is otherwise acting pursuant to the requirements of the Pennsylvania Rules of Criminal Procedure, except that the service of an arrest or search warrant shall require the consent of the chief law enforcement officer or a person authorized by him to give consent, of the organized law enforcement agency which regularly provides primary police services in the municipality wherein the warrant is to be served.

(2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

(3) Where the officer has been requested to aid or assist any local, State of Federal law enforcement officer or otherwise has probable cause to believe that the officer is in need of aid or assistance.

(4) Where the officer has obtained the prior consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which provides primary police services to a political subdivision which is beyond that officer's primary jurisdiction to enter the other jurisdiction for the purpose of conducting official duties which arise from official matters within his primary jurisdiction.

(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace of other act which presents an immediate clear and present danger to persons or property.

(6) Where the officer views an offense which is a felony, or has probable cause to believe that an offense which is a felony has been committed, and makes a reasonable effort to identify himself as a police officer.

42 Pa.C.S.A. § 8953(a). The Commonwealth concedes that Teel's activities did not fit within any of the enumerated exceptions. However, the Commonwealth argues that a police officer's authority to "investigate" outside his primary geographical territory is not limited by this section. It argues that the limitation applies only to the authority to arrest or to conduct a search and seizure. The Commonwealth cites no authority for this proposition but argues that the results would be ludicrous were we to interpret the statute otherwise. We do not agree.

When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering the former law, if any, including other statutes upon the same or similar subjects. *See* 1 Pa.C.S.A. § 1921. *See also Commonwealth, Department of Transportation Bureau of Traffic Safety v. Von Altimus,* 49 Pa.Cmwlth. 245, 410 A.2d 1303 (1980). The legislature is presumed to have intended to avoid mere surplusage in words, sentences and provisions of its laws. The courts must therefore construe a statute, if possible, so as to give effect to every word. *See Habecker v. Nationwide Insurance Company,* 299 Pa.Super. 463, 445 A.2d 1222 (1982).

The meaning of the words at issue here are "the power and authority to enforce the laws of this Commonwealth *or otherwise perform the functions of that office"* as found in 42 Pa.C.S.A. § 8953(a). We cannot interpret the meaning of the previously quoted words to exclude investi-

gations as the Commonwealth suggests. These words clearly encompass the total spectrum of a municipal police officer's duties. The same language was used in section 8952 which describes the power and authority of a municipal police officer within his primary jurisdiction. We cannot, without good reason, interpret the same language used in two sections of a subchapter in an unlike manner. As used in section 8952 the language certainly can not be interpreted as limiting a municipal police officer's authority to that of merely investigating crime in his primary jurisdiction. So, too, we find no good reason for construing that language to mean the limitation on a police officer's authority outside his primary jurisdiction does not include his right to conduct investigations. We conclude, therefore, that Detective Teel clearly acted outside the scope of his statutory authority when he conducted an investigation in Susquehanna Township.

■ The next step, then, is to determine the proper remedy for such misconduct. Appellant argues that the evidence gained by the illegal investigation must be suppressed. The Commonwealth did not address this issue.

While we are concerned by the frequency with which the municipal police jurisdiction act is violated[1], a recent Supreme Court decision restrains us from suppressing the illegally obtained evidence. *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421 (1985). In *Mason,* the Supreme Court found this Court had erred in holding that the exclusion of evidence was the required remedy for a perceived violation of Rule 2004[2] of the Pennsylvania Rules of Criminal Procedure. "Such a drastic remedy—the automatic exclusion of evidence obtained during a search that is found to have technically violated the Rules of Criminal Procedure—is unwarranted, and is not supported by decisions of the

**1.** *See,* for example, *Commonwealth v. Novick,* 293 Pa.Super. 241, 438 A.2d 974 (1981); *Commonwealth v. Fiume,* 292 Pa.Super. 54, 436 A.2d 1001 (1981); *Commonwealth v. Anzalone,* 269 Pa.Super. 549, 410 A.2d 838 (1979).

**2.** Rule 2004. Person to Serve Warrant. "A search warrant shall be served by a law enforcement officer."

appellate courts." *Id.*, 507 Pa. at 401, 490 A.2d at 423. The Supreme Court cited an earlier case in support of this conclusion:

> A rule of exclusion is properly employed where the objection goes to the question of the reliability of the challenged evidence ... or reflects intolerable government conduct which is widespread and cannot otherwise be controlled.... *Commonwealth v. Musi*, 486 Pa. 102, 115, 404 A.2d 378, 385 (1979).

*Commonwealth v. Mason*, 507 Pa. at 403, 490 A.2d at 424. The *Mason* opinion also cites *United States v. Johnson*, 660 F.2d 749, 753 (9th Cir.1981), *cert. denied* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982), for the proposition that:

> "Only a 'fundamental' violation of [a rule of criminal procedure] requires automatic suppression, and a violation is 'fundamental' only where it, in effect, renders the search unconstitutional under traditional fourth amendment standards." *U.S. v. Vasser*, 648 F.2d 507, 510 (9th Cir.1980). Where the alleged violation [    ] is not 'fundamental' suppression is required only where:

> "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision of the Rule." *Id.* (citations omitted).

"It is only where the violation also implicates fundamental constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy." *Commonwealth v. Mason, supra* 507 Pa. at 406–07, 490 A.2d at 426.

Under the circumstances of the instant case, suppression of the evidence gained by Detective Teel's illegal investigation "would be a remedy all out of proportion to the benefits gained to the end of obtaining justice while preserving individual liberties unimpaired." *U.S. v. Searp*, 586 F.2d 1117, 1123 (6th Cir.1978), *cert. denied* 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979). Accordingly, the judgment of sentence is affirmed.