515 A.2d 971

**COMMONWEALTH of Pennsylvania**

v.

**Ronnie PEPPERS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 21, 1986.

Filed Sept. 30, 1986.

James R. Rosato, Jr., Assistant Public Defender, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for robbery, conspiracy, and escape. Appellant contends that the trial court erred in (1) denying his pre-trial motion to suppress evidence seized as the result of an illegal arrest, and (2) denying his motion to sever trial of the escape charge from trial of the charges of robbery and conspiracy. We disagree and, for the following reasons, affirm.

The lower court stated the facts as follows:

On June 7, 1985, at approximately 3:15 A.M., a Turkey Hill Minit Market located in Hummelstown, Pennsylvania was robbed at gunpoint by two black males. A few minutes after this incident, Roger Olinger observed a white, mid–1970's model Dodge or Plymouth with heavy body damage parked in the right hand berm of the road facing oncoming traffic. Mr. Olinger stopped at the Turkey Hill store and discovered that the store had been robbed. Officer Scott Dimmick of the Hummelstown Borough Police was called to the scene. Mr. Olinger gave the officer a description of the car that he noticed on the way to the market and Officer Dimmick relayed the description of the car and the suspects over the police radio.

Officer Kenneth Beard of the Swatera Township Police Department heard the description of the suspect vehicle and later observed what he believed to be the suspect vehicle travelling west on Route 322 in Swatara [sic] Township. He informed Officer Dimmick that he was following the suspect vehicle and asked for assistance.... When Officer Beard noticed another police car, he activated his emergency lights and siren. As the suspect vehicle came to a stop, both occupants exited and

started to run away. Officers Simmons and Zimmerman apprehended the defendant who was immediately placed under arrest.

Lower Court Opinion at 1–2. Appellant was arrested in Harrisburg. *Id.* at 4.

■ Appellant first contends that the lower court erred in denying his motion to suppress evidence seized as the result of an unlawful arrest because the arresting officer arrested him outside of his primary jurisdiction. We disagree. The Municipal Police Jurisdiction Act ("Act"), 42 Pa.C.S.A. §§ 8951–8954 provides in relevant part:

> (a) General rule—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> *    *    *    *    *    *
>
> (3) Where the officer has been requested to aid or assist any local, state or federal law enforcement officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance.

42 Pa.C.S.A. § 8953(a)(3). Our appellate courts have not yet had an opportunity to address the application of subsection (3). After reviewing the record in the instant case, we hold that the arresting officer acted properly in arresting appellant outside of his primary jurisdiction because he had "been requested to aid or assist [a] local ... enforcement officer." *Id.* Here, Officer Dimmick broadcast a description of the robbery suspects over the police radio. N.T. November 20, 1985 at 11. Several minutes later, Officer Beard had a conversation with Officer Dimmick over the radio regarding his observation of the suspect vehicle. Officer Dimmick told him that there was a good chance that it was the vehicle involved in the robbery. *Id.* at 73–74. Officer Beard began to follow the suspects. He arrested

them within the city limits of Harrisburg. This testimony shows that Officer Beard was acting in response to a local officer's request for aid. Officer Dimmick's purpose in broadcasting the description was to alert officers in the area to be on the lookout for the suspects. Appellant also argues that an officer from Hummelstown lacks the authority to request an officer from Swatera Township to arrest someone in Harrisburg. Officer Beard testified, however, that he did not stop the vehicle within his primary jurisdiction because he was waiting for assistance for his own protection. *Id.* at 74. Were we to accept appellant's argument, we would be requiring that the police officer either end his pursuit at the border of his primary jurisdiction, or arrest the suspects at a time when he had no back-up. The statute does not require this. *See* 42 Pa.C.S.A. § 8953(a)(3). Because the evidence shows that Officer Beard was acting in response to a local officer's request for aid, we conclude that he properly pursued the suspects into Harrisburg and that the arrest was lawful within the meaning of § 8953(a)(3).

Even if we concluded that the arrest was illegal because it was extraterritorial, under these circumstances, the suppression of evidence "would be a remedy all out of proportion to the benefits gained to the end of obtaining justice while preserving individual liberties unimpaired." *Commonwealth v. Saul,* 346 Pa. Superior Ct. 155, 162, 499 A.2d 358, 361 (1985) (quoting *U.S. v. Searp,* 586 F.2d 1117, 1123 (6th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979)), *allocatur denied.* In *Saul,* this Court held that the suppression of evidence obtained by a municipal police detective's investigation beyond his primary jurisdiction would not be the proper remedy for such misconduct. *Id.* Similarly, the remedy would be improper when an officer makes an arrest outside of his jurisdiction in contravention of the Municipal Police Jurisdiction Act. Thus, the trial court correctly denied appellant's motion to suppress the evidence.

Appellant next contends that the trial court erred in denying his motion for severance of the escape charge from

the charges of robbery and conspiracy, thereby denying his right to a fair trial. Appellant does not dispute the trial court's finding that in a case involving a robbery charge, evidence of the defendant's subsequent escape is admissible.* *Commonwealth v. Smith*, 250 Pa. Superior Ct. 460, 378 A.2d 1239 (1977). Rather, appellant argues that evidence of the robbery would not be admissible in a trial on the charge of escape. Escape is defined as follows:

A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa.C.S.A. § 5121(a). Appellant asserts that in an escape case, the jury is not required to know the exact nature of the prior crime in order to conclude that the defendant was in "official detention." He maintains that knowledge of the armed robbery charge severely prejudiced the jury against him.

The grant or denial of severance or the consolidation of charges for trial is a matter of discretion with the trial judge, and his decision will be reversed only for manifest abuse of discretion, or prejudice to the defendant. *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981); *Commonwealth v. Larkins*, 302 Pa.Super. 528, 449 A.2d 42 (1982); *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982).

The test of whether consolidation is proper is related to the test of whether evidence of one crime may be admitted at the trial for another. The present rule in Pennsylvania is that consolidation is proper ... if (1) the facts and elements of the two crimes are easily separable in the minds of the jury; and (2) the crimes are such that the fact of the commission of each crime

---

* We note that this was appellant's only argument before the trial court regarding the severance issue, and that he does not renew it on appeal. Because appellant did preserve the broader issue of whether the charges were properly consolidated, and the trial court addressed the issue in its opinion, however, we will address the contention here.

would be admissible as evidence in a separate trial for the other. (Citations omitted).

*Commonwealth v. Galloway, id.,* 302 Pa.Super. at 154, 448 A.2d at 573 (quoting *Commonwealth v. Terrell,* 234 Pa.Super. 325, 328, 339 A.2d 112, 114 (1975). *See also, Commonwealth v. Boyd,* 315 Pa.Super. 308, 461 A.2d 1294 (1983); *Commonwealth v. Matthews,* 314 Pa.Super. 38, 460 A.2d 362 (1983).

*Commonwealth v. Thomas,* 328 Pa. Superior Ct. 393, 399–400, 477 A.2d 501, 504–05 (1984).

Although appellant is correct that the Commonwealth need only inform the jury of the general nature of the offense for which a defendant was being held at the time of the escape, *Commonwealth v. Markle,* 245 Pa. Superior Ct. 108, 369 A.2d 317 (1976), we hold that the introduction at trial of the specific offense for which appellant was being held was not unduly prejudicial. Because the second requirement for proper consolidation, that the elements of the two crimes must be easily separable in the minds of the jury, was also met here, we conclude that the lower court did not abuse its discretion in refusing to sever the charges.

For the above-stated reasons, we affirm the judgment of sentence.

Affirmed.