J-S34045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JODY KERN BUTTS | |
| Appellee | No. 1499 MDA 2015 |

Appeal from the Order Entered August 4, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002661-2015

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 24, 2016**

The Commonwealth of Pennsylvania appeals from the order entered in the York County Court of Common Pleas, which granted a suppression motion in favor of Jody Kern Butts ("Appellee").  We affirm.

In its opinion, the trial court correctly and accurately sets forth the relevant facts and procedural history[1] of this case, therefore we have no reason to restate them.  **See** Trial Court Pa.R.A.P. 1925(a) Opinion, filed October 19, 2015, at 2-4.

The Commonwealth raises the following issue for our review:

---

[1] Procedurally, we add, along with its notice of appeal, the Commonwealth filed a Pa.R.A.P. 311(d) certification, which stated that the order granting Appellee's suppression motion would terminate or substantially handicap the prosecution.

WHETHER THE TRIAL COURT ERRED IN RULING THAT THE POLICE LACKED AUTHORITY TO ARREST [APPELLEE] FOR DISORDERLY CONDUCT COMMITTED IN THE PRESENCE OF THE OFFICERS[?]

Commonwealth's Brief at 4.

A suppression order is final for purposes of appeal only. **Commonwealth v. James**, 69 A.3d 180, 185 (Pa.2013). When addressing a challenge to a trial court's ruling on a suppression motion, our standard of review is "whether the factual findings are supported by the record and whether the legal conclusions drawn from these facts are correct." **Commonwealth v. Hawkins**, 45 A.3d 1123, 1126 (Pa.Super.2012), *appeal denied*, 53 A.3d 756 (Pa.2012) (internal citation omitted). Further:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

**Commonwealth v. Baker**, 946 A.2d 691, 693 (Pa.Super.2008) (quoting **Commonwealth v. Barber**, 889 A.2d 587, 592 (Pa.Super.2005)). Moreover, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." **Commonwealth v. Gallagher**, 896 A.2d 583, 585 (Pa.Super.2006) (citation omitted).

Additionally, when reviewing the suppression court's rulings, we consider only the suppression record. *In re L.J.,* 79 A.3d 1073, 1085 (Pa.2013) ("it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing.").

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Maria Musti Cook, we conclude the Commonwealth's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, filed October 19, 2015, at 5-13 (finding: arrest without warrant for summary offense of misdemeanor disorderly conduct not authorized by law where Appellee's behavior of yelling and swearing was loud and obnoxious, but did not threaten violence or demonstrate ongoing conduct that imperiled personal security of any person or endangered public or private property). The trial court's factual findings are supported by the record, and its legal conclusions drawn therefrom are correct. Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NO. CP-67-CR-2661-2015 |
| Appellant | : | |
| V. | : | |
| | : | |
| JODY K. BUTTS, | : | |
| Appellee | : | |

APPEARANCES:

For Appellant:        Renée Franchi, Esquire
For Appellee:        Eric White, Esquire

## STATEMENT OF LOWER COURT PURSUANT TO PA.R.A.P. 1925(a)

AND NOW, this _16th_ day of October 2015, upon receipt of a notice that an appeal has been filed in this matter, and in consideration of the Concise Statement of Matters Complained Of on Appeal filed by the Commonwealth, the undersigned files this supplemental statement in support of its Opinion and Order filed August 4, 2015.

This Court granted Defendant's motion for suppression for the reasons herein.

1

(20)

## FACTUAL AND PROCEDURAL HISTORY

On March 11, 2015, York City Police officer Benjamin Smith was dispatched to 588 West Market Street in York due to reports of a domestic disturbance. (N.T. Supp. Hrg., at 14.) Upon arrival, Officer Smith heard yelling coming from inside the residence. (N.T. Supp. Hrg., at 14-15.) The officer then made contact with the resident of that address who informed him that Defendant Jody K. Butts ("Defendant") was inside and wished her to leave the premises. (N.T. Supp. Hrg., at 15.) Officer Smith ultimately informed Defendant that she must leave the premises. (N.T. Supp. Hrg., at 15.) At that point, Officer Huncher arrived on the scene. (N.T. Supp. Hrg., at 15.) Defendant exited the home and "screamed at [the victim]." (N.T. Supp. Hrg., at 6, 15.) Defendant, escorted by the officers, went back into the residence and collected her belongings. (N.T. Supp. Hrg., at 7, 17.) The officers testified that as Defendant exited the premises through the backyard of the residence, she "scream[ed] the whole time," was "combative, angry, [and] loud, very loud," and yelled "obscenities" toward the officers and the alleged victim. (N.T. Supp. Hrg., at 8-9, 18.) Officer Smith testified that he instructed Defendant to cease her yelling three or four times. (N.T. Supp.

Hrg., at 10, 19.) Officers testified that because Defendant did not stop yelling, the decision was made to arrest Defendant for disorderly conduct. (N.T. Supp. Hrg., at 10, 19.) Officers began walking toward Defendant, ordered her to stop, and informed her that she was under arrest. (N.T. Supp. Hrg., at 10, 19.)

Once Defendant was in custody, Officer Huncher performed a search incident to arrest. (N.T. Supp. Hrg., at 11, 20.) Officer Huncher testified that he discovered what appeared to be a "half burnt marijuana blunt . . . in her purse." (N.T. Supp. Hrg., at 11.)

Defendant was charged with a summary count of disorderly conduct under 18 PA.C.S.A. § 5503(a)(2) and a misdemeanor count of Possession of a Small Amount pursuant to 35 P.S. § 708-113(a)(31)(i). Defendant moved to suppress the evidence found during the search on the basis that the search violated her rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. (Def.'s Omnibus Mot. at ¶ 7.) This Court held a hearing on Defendant's motion on August 4, 2015. During the hearing, Officers John Huncher and Benjamin Smith testified about the events surrounding Defendant's arrest. This Court

3

concluded that the officers were not authorized to arrest Defendant for the summary charge, and, thus, their search of Defendant was improperly conducted. On that basis, this Court suppressed the evidence found during the search. On August 6, 2015, the Commonwealth filed a Motion for Reconsideration. This Court denied the Commonwealth's motion on August 15, 2015,[1] without opinion. The Commonwealth filed a Notice of Appeal on September 1, 2015. This Court ordered the Commonwealth to file and serve a Concise Statement pursuant to Pa. R. App. P. 1925(b). The Commonwealth filed its concise statement on September 8, 2015.

The Commonwealth enumerates two arguments on appeal. The Commonwealth argues this Court erred in (1) suppressing evidence found during the search incident to Defendant's arrest, and (2) concluding that officers were not authorized to arrest Defendant for the summary charge of disorderly conduct. Because the former point is predicated on the latter, this Opinion addresses whether officers lawfully arrested Defendant.

For the reasons discussed herein, this Court urges affirmance of the order suppressing the evidence in this case.

---

[1] This order was filed with the Clerk of Courts on August 20, 2015.

4

## DISCUSSION

Criminal proceedings may be initiated by a warrantless arrest pursuant to Pennsylvania Rule of Criminal Procedure 400. That rule states:

"Criminal proceedings in summary cases shall be instituted either by:

(1) issuing a citation to the defendant; or
(2) filing a citation; or
(3) filing a complaint; or
(4) arresting without a warrant when arrest is *specifically authorized by law*."

Pa. R. Crim. P. 400 (emphasis added). The clear language of this rule mandates that this Court determine whether officers were "specifically authorized by law" to arrest Defendant. Pennsylvania Rule of Criminal Procedure 440 grants the authority of arrest for a summary offense without a warrant to police officers. It states: "[w]hen an arrest without a warrant in a summary case is *authorized by law*, a police officer who exhibits some sign of authority may institute proceedings by such an arrest." Pa. R. Crim. P. 440 (emphasis added). This rule also lends some insight into those situations where arrest without a warrant for a summary offense is appropriate. "It is intended that these proceedings will be instituted by arrest *only in exceptional*

5

*circumstances* such as those involving **violence**, or the **imminent threat of violence. . . .**" Comment to Pa. R. Crim. P. 440 (emphasis added).

The testimony presented at the suppression hearing indicated that Defendant's behavior was loud, and even obnoxious. Notably, however, neither officer testified at the hearing on Defendant's omnibus pre-trial motion that Defendant made any specific threats of violence or acted out in violence while she was in their presence. Thus, this Court concluded no "exceptional circumstances" existed in the instant case that would allow the officers to arrest Defendant for the summary charge of disorderly conduct.

The Pennsylvania legislature expressly granted authority by which police officers may arrest a person without a warrant.

> **(a) General rule.**--For any of the following offenses, a police officer shall, upon view, have the right of arrest without warrant upon probable cause when *there is ongoing conduct* that *imperils the personal security of any person* or *endangers public or private property*:
>
> > (1) Under Title 18 (relating to crimes and offenses) when such offense constitutes a summary offense:
> >
> > > 18 Pa.C.S. § 5503 (relating to disorderly conduct).
>
> 42 PA.C.S.A. § 8902 (relating to arrest without warrant) (emphasis added).

6

A plain-language reading of this statute clearly authorizes police to arrest without a warrant upon probable cause of disorderly conduct and other enumerated offenses, but only if "there is ongoing conduct that imperils the personal security of any person or endangers public or private property." Again, this Court did not find that the ongoing conduct of Defendant imperiled any person's security or endangered public or private property.

The Commonwealth argued that an officer may arrest upon probable cause of any "breach of the peace"[2] committed in his or her presence without any requirement of conduct that imperils the personal security of any person. Instead, the Commonwealth posited that the authority granted by section 8902 is in addition to, and not a limitation of, an officer's common law authority to arrest in summary cases. (Com.'s Mot. for Recons. at ¶ 21.)

This Court's review of relevant law, however, indicates that in promulgating 42 PA.C.S.A. § 8902, the Pennsylvania legislature intended to limit the power of police officers to arrest without a warrant for summary

---

[2] This Court notes that the term "breach of the peace" is likely to connote an element of violence. *See* Atwater v. City of Lago Vista, 532 U.S. 318, 328 FN.2 (2001) (noting conflict between varying definitions of the term, but ultimately construing it narrowly to entail "at least a threat of violence.").

offenses to only those instances where personal safety is imperiled or property is endangered.

The Pennsylvania Supreme Court noted in Commonwealth v. Bullers, 536 Pa. 84, 637 A.2d 1326 (1994), "our court may not permit a warrantless arrest for a summary offense when our legislature has not so provided." Id. at 1328. The Bullers court then cited statutes where such a grant was bestowed by the legislature. Id. at 1329. The Bullers court noted that each section cited "clearly and unambiguously" gave police the right to arrest for the defined conduct. Id.

In the instant case, the legislature has "clearly and unambiguously" granted police power to arrest for summary offenses, but only in limited circumstances. A review of the legislative history of 42 PA.C.S.A. § 8902 elucidates the legislature's intent to limit the summary arrest powers of police officers. Section 8902 was introduced during a special session of the legislature as House Bill 22 on February 1, 1995. When the bill was considered by the Senate on June 28, 1995, the language of the bill contained no limitations on summary arrest powers.[3] A state senator from York County

---

[3] As written in that version, the bill stated:

8

went on the record with concerns that the bill granted police power to arrest that was too broad.

> I did want to offer a few comments concerning this bill.
>
> I would like to read directly from the legislation at hand. The bill has been significantly amended and much of it has been removed. However, a particular passage that I am concerned with says, "A police officer, sheriff of a county of the second class and deputy sheriff of a county of the second class shall have the right of arrest without warrant upon probable cause for any of the following offenses: ..." And they list a number of offenses, including: relating to disorderly conduct, relating to public drunkenness, relating to obstructing highways and other public passages, and a few other offenses. Now, these are currently summary offenses, but with the passage of this bill, Mr. President, we would now allow these police officers and sheriffs and deputy sheriffs to handcuff and haul away to prison or to jail anyone who they feel is guilty of any of these crimes.
>
> Mr. President, I do not believe this is what my constituents want. I believe this is a direct violation of their rights. This is more Big Brother. This is more taking away of public freedom, and I would urge all of my colleagues to vote in the negative on this bill.

Senate Legislative Journal, June 28, 1995, p. 246-247. House Bill 22 failed to pass during a vote immediately after the senator's comments.[4] Id. Most

---

A police officer, sheriff of a county of the second class and deputy sheriff of a county of the second class shall have the right of arrest without warrant upon probable cause for any of the following offenses:
    (1) Under Title 18:
    18 PA.C.S. § 5503 (relating to disorderly conduct).
H.B. 22, Printer's No. 180, June 20, 1995, at 3.

[4] Yeas-19; Nays-30 on the question of final passage.

notably, when House Bill 22 was next brought to the senate for a vote on September 20, 1995, language was added limiting summary arrests to circumstances involving imperilment to personal security or endangerment to public or private property. House Bill 22, September 20, 1995, Printer's No. 190, at 3. House Bill 22 was ultimately passed with this limiting language in place.[5]

In light of these actions by the legislature, this Court concluded that the Pennsylvania legislature intended to limit police officers' power to arrest for summary offenses. Thus, Officers Huncher and Smith were not "authorized by law" to arrest Defendant for a summary offense of disorderly conduct unless her conduct met the requirements of 42 PA.C.S.A. § 8902. As discussed previously, Defendant's conduct did not imperil any person's security[6] or endanger public or private property.

The Commonwealth argued in its Motion for Reconsideration that Defendant's conduct constituted not only a summary offense of disorderly conduct, but also its misdemeanor equivalent. (Com.'s Mot. for Recons. at ¶

---

[5] House Bill 22 was approved by the House and Senate on October 25, 1995, and October 30, 1995, respectively, and signed by Governor Thomas Ridge on November 17, 1995.
[6] Although the attorney for the Commonwealth argued at the conclusion of the hearing that Defendant "couldn't stand up straight," (N.T. SUPP. HRG., at 27), neither officer testified to this fact.

10

32.) The Commonwealth further asserted that since officers were authorized to arrest Defendant for misdemeanor disorderly conduct, the search incident to that arrest was proper. (Com.'s Mot. for Recons. at ¶ 37.)

This Court found Defendant's conduct did not rise to the level of a misdemeanor offense of disorderly conduct. Disorderly conduct is defined by 18 PA.C.S.A. § 5503.

> **(a) Offense defined.**--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> \*\*\*
>
> (2) makes unreasonable noise;
>
> \*\*\*
>
> **(b) Grading.**--An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

18 PA.C.S.A. § 5503.

This Court agrees that when a person is lawfully arrested for disorderly conduct, regardless of its gradation, a warrantless search incident to that arrest does not violate of the Unites States and Pennsylvania Constitutions. *See* Commonwealth v. Frank, 407 PA Super 500, 505, 595 A.2d 1258, 1260

11

(1991). However, this Court concluded Defendant's arrest was not lawful as either a summary offense, or a misdemeanor offense.

Officers Huncher and Smith testified at the suppression hearing that Defendant failed to stop swearing loudly as she walked away despite Officer Smith's commands to cease. (N.T. Supp. Hrg., at 8-11, 18.) While this Court found most of the officers' testimony credible, this Court was skeptical on this point. If Officer Huncher, a six-year police veteran, believed Defendant's conduct rose to the level of a misdemeanor on the night of March 11, 2015, he certainly could have charged Defendant with a misdemeanor. However, he did not. This Court is of the belief that Defendant's conduct constituted only a summary violation of disorderly conduct, as reflected in Officer Huncher's initial complaint. Resultantly, for Defendant's arrest to be lawful, some evidence must have been introduced that tended to show imperilment to personal security or endangerment to public or private property.

Finally, the Commonwealth argued in its motion for reconsideration that an absurd result would occur if this Court were to find that police officers were not authorized to arrest for "breaches of the peace," because sheriffs and constables have been found to be so authorized. (Com.'s Mot. for Recons. at

12

¶ 32.) While sheriffs and constables are vested with common law authority to arrest for breaches of the peace, the Commonwealth's conclusion is flawed insofar as it assumes that such breaches of the peace include summary offenses. Sheriffs, constables, and citizens are *never authorized* to make arrests for summary offenses. Commonwealth v. Bienstock, 449 PA Super 299, 304, 673 A.2d 952, 955 (1996) ("Private citizens do not have authority to make stops or arrests for summary offenses."); Kopko v. Miller, 586 Pa. 170, 185, 892 A.2d 766, 774 (2006) ("[T]he power of Sheriffs to arrest for crimes committed in their presence is no different from that of a private citizen."); Commonwealth v. Taylor, 450 PA Super 583, 590-91, 677 A.2d 846, 850 (1996), opinion modified on reconsideration (June 24, 1996) ([A] constable's powers are less . . . than those of the sheriff.") (internal quotations and brackets omitted). Therefore, no absurd result would result from this Court's holding.

## CONCLUSION

Based on the above reasons, this Court respectfully urges affirmance of this Court's Order and Decision filed August 4, 2015.

13

The Clerk of Courts is directed to provide notice of the entry of this Statement to counsel of record.

BY THE COURT,

Date:_____

_Maria Musti Cook_
**MARIA MUSTI COOK, JUDGE**

14