J-A29026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL DELIMAN | : | |
| | : | |
| Appellant | : | No. 197 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 25, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005767-2021

BEFORE: BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED: MAY 31, 2023**

Appellant, Daniel Deliman, appeals from the judgment of sentence entered on January 25, 2022. We affirm.

The Commonwealth charged Appellant with two counts of failure to comply with the registration requirements of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA").[1] On December 7, 2021, Appellant filed a pre-trial motion, where he sought the dismissal of all charges against him. Within this motion, Appellant noted that Allegheny County Deputy Sheriff Lindsey McCarthy arrested him and charged him with committing the crimes. Appellant's Pre-Trial Motion, 12/7/21, at 2. However, Appellant argued:

---

[1] 18 Pa.C.S.A. § 4915.1(a)(1).

In the area of sex-offender registration and enforcement, the sheriff is without either statutory or common-law authority to act. Enforcement in this area has been delegated to the Pennsylvania State Police . . . or a "municipal police department" [pursuant to 42 Pa.C.S.A. § 9799.22].

Appellant's Brief in Support, 1/14/22, at 8-12.

The trial court denied Appellant's motion and the case proceeded to a non-jury trial. *See* N.T. Trial, 1/25/22, at 18. As the trial court ably explained, the facts of this case are as follows:

[Appellant was convicted of indecent assault and endangering the welfare of children and was sentenced for these crimes on March 12, 2020. *Id.* at 26. As a result of Appellant's convictions, he was required to register with the Pennsylvania State Police ("PSP") as a sexual offender under SORNA. *See* 42 Pa.C.S.A. § 9799.13.] Allegheny County Probation Officer Brittany Bickhart was assigned as the probation officer for [Appellant]. On April 19, 2021, Ms. Bickhart conducted an unannounced field visit to [Appellant's] residence. [Appellant] was not home at the time of the field visit; however, Ms. Bickhart was able to reach him via telephone call. During that telephone call, [Appellant] stated that he was at his new job signing paperwork and that he had been involved in a car accident in March. Ms. Bickhart advised [Appellant] to update his employment and vehicle on the Megan's Law website.

On April 21, 2021, Ms. Bickhart had contact with [Appellant] via text message. On that date, [Appellant] advised that he was employed at Adesa and earning $14 [per] hour. Ms. Bickhart credibly testified that [Appellant's] employment at Adesa was new employment to her. On April 28, 2021, Ms. Bickhart attempted to conduct a field visit at [Appellant's] residence, but [Appellant] was not present. Ms. Bickhart checked the Megan's Law website to check [Appellant's] listed employment address and determined that Adesa was not listed. Ms. Bickhart then did a Google search of "Adesa" and located its address. She traveled to Adesa and found [Appellant]. Of note, [Appellant's] registered vehicle, a Mitsubishi Outlander [], was not at Adesa and [Appellant]

admitted to operating his mother's Toyota Corolla. In discussing the situation with [Appellant], he admitted that he did not update his place of employment [or] his vehicle registration.

Allegheny County Sheriff's Detective Lindsey McCarthy testified that she attended the police academy for municipal police officers and [sheriff's] school. She testified that it is the practice of the sheriff's office to execute bench warrants issued by Allegheny County probation. On April 29, 2021, Detective McCarthy served a probation violation warrant upon [Appellant] and took him into custody. Detective McCarthy testified that it is her experience that some of her failure to register cases have been referrals from the Pennsylvania State Police, that she works closely with the Pennsylvania State Police when investigating failure to register cases, and that most of her job assignments are handed to her by her supervisor.

Trial Court Opinion, 4/5/22, at 3-4 (citations omitted).

The trial court found Appellant guilty of one count of failure to register with the PSP and sentenced Appellant to serve two years of probation for his conviction. Appellant filed a timely notice of appeal. He raises one claim to this Court:

Appellant objected to the Allegheny County Sheriff's authority to commence, and advance, the filing of charges against him for failure to register as a sex offender under 18 Pa.C.S.A. § 4915.1. He argued that the sheriff is without any authority to act in the area of sex-offender registration and enforcement. Enforcement in this area was exclusively delegated to the Pennsylvania State Police or "municipal police departments" under 42 Pa.C.S.A. § 9799.22. The trial court held the Allegheny County Sheriff is a "municipal police department," and declined to dismiss the charges.

Did the trial court err by concluding the term "municipal police department," within 42 Pa.C.S.A. § 9799.22, includes the Allegheny County Sheriff's Office?

Appellant's Brief at 4.

On appeal, Appellant claims that Allegheny County Deputy Sheriff Lindsey McCarthy did not have the statutory authority to arrest him for or charge him with violating 18 Pa.C.S.A. § 4915.1.[2]  According to Appellant, only the PSP or a municipal police department had the authority to enforce SORNA's registration requirements.  Appellant's Brief at 10.  In support of his claim, Appellant relies upon 42 Pa.C.S.A. § 9799.22.  This section of SORNA, entitled "enforcement," declares:

> **(a) Failure to comply.**--When an individual set forth in section 9799.13 (relating to applicability) fails to comply with section 9799.19 (relating to initial registration), 9799.21 (relating to penalty) or 9799.36 (relating to counseling of sexually violent predators), the Pennsylvania State Police shall either:
>
> > (1) In cooperation with the district attorney, seek issuance of a warrant for the arrest of the individual and locate and arrest the individual for violating this section.

---

[2] Appellant was convicted of violating 18 Pa.C.S.A. § 4915.1(a)(1).  This subsection declares:

> **(a) Offense defined.**--An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)

18 Pa.C.S.A. § 4915.1(a)(1).

(2) Notify the municipal police department where the individual has a residence, is transient, is employed or is enrolled as a student. The municipal police shall, in cooperation with the district attorney, seek issuance of a warrant for the arrest of the individual and locate and arrest the individual for violating this section. In municipalities where no municipal police department exists, the Pennsylvania State Police shall proceed under paragraph (1).

42 Pa.C.S.A. § 9799.22(a).

Appellant argues on appeal:

The law is clear. When an individual fails to register under SORNA, they're subject to prosecution and penalty. And, [when an individual fails to comply with the registration requirements,] it's the [PSP] that's responsible for enforcement, or "the municipal police department," if so notified by the [PSP]. While the [Allegheny County Sheriff's Office] may be a "police department" within the meaning of the Municipal Police Education and Training Act, 53 Pa.C.S.A. § 2162, the General Assembly did not authorize the [Allegheny County Sheriff's Office] (or any sheriffs) to be responsible for the enforcement of SORNA.

Appellant's Brief at 15-16 (some citations omitted). Thus, Appellant claims, we must vacate his conviction and instruct that the charges against him be dismissed. *Id.* at 4 and 16. Appellant's claim fails.

We express no opinion on whether Deputy Sheriff McCarthy[3] had the authority to arrest Appellant because, even if she illegally arrested Appellant,

---

[3] We note that, under both the Crimes Code and the Municipal Police Education and Training Law, Deputy Sheriff McCarthy falls under the definition of a "police officer." *See* 18 Pa.C.S.A. § 103 (defining the term "police officer" to include: "the sheriff of a county of the second class and deputy sheriffs of a county of the second class who have successfully completed the requirements under . . . the Municipal Police Education and Training Law"); 53 Pa.C.S.A.
*(Footnote Continued Next Page)*

the remedy for this hypothetical violation would not be the vacation of Appellant's convictions and the dismissal of the charges against him, as Appellant requests. Rather, the proper remedy for an illegal arrest is the suppression of the evidence obtained as a result of the illegal seizure and arrest. *See Commonwealth v. Bullers*, 637 A.2d 1326, 1328 (Pa. 1994) ("[t]he legality of the arrest is relevant to the derivative question of whether a search incident to the arrest was permitted under the circumstances"); *Commonwealth v. Leet*, 641 A.2d 299, 301 (Pa. 1994) (holding that the deputy sheriff of Armstrong County did not have the authority to make a warrantless arrest for motor vehicle violations committed in his presence and, thus, the evidence against the defendant must be suppressed); *Commonwealth v. Bienstock*, 673 A.2d 952, (Pa. Super. 1996) (holding that, since the Liquor Control Enforcement Officer did not have the authority to stop the defendant for a traffic violation, all evidence against the defendant must be suppressed).

In the case at bar, Appellant did not request that the trial court suppress any evidence against him. Instead, Appellant claimed that he was illegally

---

§ 2162 (defining "police department" to include "the sheriff's office in a county of the second class"); 53 Pa.C.S.A. § 2162 (defining "police officer" to include "[a] deputy sheriff of a county of the second class"); N.T. Trial, 1/25/22, at 12-13 (Appellant conceded that Deputy Sheriff McCarthy was a "police officer" under the law). Moreover, as a police officer, Deputy Sheriff McCarthy possessed "full police powers." *Kopko v. Miller*, 892 A.2d 766, 779 (Pa. 2006) (declaring that, under 53 Pa.C.S.A. § 2162, "the office of the sheriff in a second class county may exercise full police powers upon meeting the training requirements therein specified").

arrested and that, as a result of this illegal arrest, the trial court was required to dismiss all charges against him. **See** Appellant's Pre-Trial Motion, 12/7/21, at 8. Such a remedy is unavailable to Appellant and, thus, Appellant's claim on appeal necessarily fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023