J-S35012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT ALVAREZ | : | |
| | : | |
| Appellant | : | No. 2799 EDA 2017 |

Appeal from the PCRA Order July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010755-2010

BEFORE:   OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 09, 2019**

Appellant, Robert Alvarez, appeals *pro se* from an order entered on July 25, 2017, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On a previous appeal, we summarized the facts and procedural history of this case as follows:

> Louis Colon was walking at the Frankford High School football field in Philadelphia with his friend Vanessa Gonzalez on July 3, 2010. While walking he became suspicious of a van in the area with a New York license plate. Accordingly, he approached and peered inside. He saw a young boy inside the van sitting atop a mattress. Mr. Colon also witnessed Appellant exit the van before reentering. The van began to shake a little bit and Mr. Colon heard whispering inside. Concerned, Mr. Colon telephoned the police.
>
> Two officers, Officer Ryan Pownall and Officer Joanne Bondiskey responded in separate vehicles. Mr. Colon alerted the officers to the van and informed them that a small boy was being sexually assaulted. Officer Pownall opened the side door of the van and, upon tearing down a curtain, he observed the victim kneeling on a mattress pulling up his pants. Behind the victim, also attempting

_____
*   Retired Senior Judge assigned to the Superior Court.

to pull up his pants, was Appellant. Officer Bondiskey confirmed that both Appellant and the victim had their pants down and unzipped and that Appellant was attempting to pull up his pants.

Officer Pownall pulled Appellant from the vehicle, who resisted and the officer struck him three times in the face. The police arrested Appellant, whose pants, according to Mr. Colon and Ms. Gonzalez, were still below his waist when he was removed from the van. Mr. Colon related that the victim was crying, scared, and barefoot when police removed him from the van. Officers Bondiskey and Pownall also provided that the victim was hysterical and crying. Semen was found on the victim's clothing, but DNA testing on that evidence was not completed.

The victim indicated to police that he knew Appellant, who was a family friend. According to the victim, he was playing basketball when Appellant drove up and asked him if he wanted to go buy fireworks. The victim then asked his mother if he could go with Appellant. Appellant then took the victim to McDonald's, where they ate. Thereafter, Appellant drove to the Frankford High School football field area and parked his van. Appellant entered the back of the van and put his penis in the victim's mouth. Additionally, the victim maintained that Appellant placed [his mouth on the victim's penis]. In addition, [the victim] stated that Appellant licked his anus and offered him $50[.00] to have anal sex. [**See** N.T. Trial, 10/19/12 (Volume II), at 109-111 and 114-120].

The Commonwealth charged Appellant in its criminal complaint with general charges of rape, [involuntary deviate sexual intercourse ("IDSI"), and lesser charges].

\*\*\*

At the conclusion of the preliminary hearing, the court held over charges of rape by forcible compulsion [and] IDSI by forcible compulsion. . . . Subsequently, the Commonwealth filed a thirteen count criminal information.[1]

---

[1] In the bills of information, the Commonwealth included both the charges of rape and IDSI by forcible compulsion and rape and IDSI with a child. **See** Criminal Information, 9/1/10, at 1.

- 2 -

\*\*\*

> Appellant represented himself at trial, with the assistance of stand-by counsel. Following [] trial, the jury found Appellant guilty of rape of a child, [IDSI] of a child who is less than [13] years of age, unlawful contact with a minor, sexual assault, and corruption of a minor.[2]  The court then imposed sentence on June 28, 2013. . . . Appellant did not file a post-sentence motion, but [with court appointed counsel] timely appealed on July 9, 2013.

**Commonwealth v. Alvarez**, __A.2d__, 1967 EDA 2013 (Pa. Super. 2015)

(unpublished memorandum), at 1-12 (citation omitted).

This Court affirmed Appellant's judgment of sentence on April 10, 2015.

**Id**.  Appellant did not appeal this Court's decision. On May 6, 2016, Appellant

filed the current *pro se* petition.[3]  The court appointed counsel to review the

matter.  **See** PCRA Court Order, 3/20/17, at 1.  On June 5, 2017, court-

appointed counsel filed a motion to withdraw as counsel and a no-merit letter

pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and

**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On

_____

[2] The remaining charges were *nolle prossed* and did not go to the jury.

[3] Appellant's judgment of sentence became final on May 10, 2015 (30 days after this Court affirmed his judgment of sentence). Thus, Appellant had until May 10, 2016, to file a timely petition under the PCRA. **See** 42 Pa.C.S.A. §9545(b)(1) ("any petition. . . shall be filed within one year of the date the judgment becomes final"). Here, the Office of Judicial Records received Appellant's petition on May 6, 2016. Thus, although the PCRA court stated in its opinion that Appellant filed his petition on June 8, 2016, the record confirms that Appellant's petition is timely, and this Court has jurisdiction to reach the merits.

June 9, 2017, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing in view of counsel's **Turner/Finley** letter. PCRA Court Order, 6/9/17, at 1; **see also** Pr.R.Crim.P. 907(1). Appellant filed a response to the **Turner/Finley** letter and the Rule 907 notice. The PCRA court dismissed Appellant's petition and granted counsel's leave to withdraw on July 25, 2017. Appellant filed a timely notice of appeal.[4]

Appellant raises the following issue on appeal:[5]

Whether counsel was ineffective for failing to move to vacate the trial court's judgment of sentence for rape and IDSI of a child on the basis that the trial court impermissibly substituted those charges in place of their forcible compulsion counterparts in violation of Appellant's constitutional rights of due process, notice, and a fair trial?

**See** Appellant's Brief at 1-2.

Our standard of review is as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the

---

[4] Appellant raised several issues in his *pro se* PCRA petition and Rule 1925(b) Statement of Matters Complained of on Appeal. However, Appellant failed to develop these arguments in his appellate brief. As such, the issues are waived. **See Commonwealth v. Luktisch**, 680 A.2d 877, 879 n.1 (Pa. 1996) (holding that an issue is waived where the defendant failed to develop an argument in his appellate brief and cited no authority).

[5] This Court has simplified Appellant's issue for ease of discussion.

> PCRA court's hearing, viewed in the light most favorable to the prevailing party.
>
> * * *
>
> To prevail on a claim that counsel was constitutionally ineffective, the [petitioner] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy **any prong** of the test for ineffectiveness **will require rejection of the claim**.

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted) (emphasis added).

Appellant argues that counsel[6] was ineffective for failing to make a motion in arrest of judgment[7] alleging that the trial court violated his constitutional rights of due process, notice, and a fair trial. According to Appellant, the trial court violated his constitutional rights by, in his words, "switching" the bills of information to charge Appellant with rape and IDSI of a victim under 13 years of age as opposed to rape and IDSI by forcible

---

[6] On March 16, 2012, Appellant moved to proceed *pro se* at his jury trial. *See* Appellant's Petition for Waiver of Counsel, 3/16/12, at 1-5. The trial court granted the motion on March 27, 2012. *See* Trial Court's Order 3/27/12, at 1. Thus, at trial, Appellant proceeded *pro se*, with court-appointed stand-by counsel. However, at sentencing, Appellant elected to be represented by counsel. *See* N.T. Trial, 10/23/12 (Volume I), at 56. On his direct appeal to this Court, Appellant was also represented by counsel after the trial court denied his motion to proceed *pro se*. *See* Trial Court's Order, 7/21/14, at 1.

[7] *See* Pa.R.Crim. P. 704(b) (explaining that in "extraordinary circumstances" a trial judge may hear, before sentencing, "an oral motion in arrest of judgement").

compulsion. *See* Appellant's Brief at 25-26. Appellant claims that the substitution of charges undermined his defense, which would have asserted that the victim was not sexually assaulted by force. Appellant's complaints are meritless and, as such, his claim of ineffective assistance of counsel does not entitle him to relief.

Factually, Appellant's contention that the trial court "surreptitiously switched" the bills of information is erroneous. *See* Appellant's Brief at 26. The Commonwealth charged Appellant in its criminal complaint with the general charges of rape, IDSI, and various other offenses. *See* Criminal Complaint, 7/4/10, at 2.[8] On September 1, 2010, the Commonwealth filed a thirteen-count criminal information, which explicitly stated:

_____

[8] In a previous appeal, this Court stated that the criminal complaint specified the allegations as follows:

> At or near 5000 Rutland Street [Appellant] engaged in deviate sexual intercourse by forcible compulsion or threat of same with [B.R.] (12 years old) by luring the complainant into the back of his van for the purpose of engaging in a sexual offense with a minor. Once [Appellant] had the complainant in the back of his van, [Appellant] pulled down his pants and forced the complainant to perform oral sex on him (complainant's mouth on [Appellant's] penis). [Appellant] then pulled down the complainant's pants and put his mouth on the complainant's penis. [Appellant] then inserted his tongue inside of the complainant's anus and attempted to insert his penis inside of the complainant's anus (at which time [Appellant] was interrupted by police discovery of [Appellant's] actions).

*Alvarez*, __A.2d__, 1967 EDA 2013 (Pa. Super. 2015) (unpublished memorandum), at 4 (citation omitted). Based on the description of the

In count one, the Commonwealth charged Appellant pursuant to 18 Pa.C.S.A. § 3121(A)(l), and asserted that Appellant engaged in sexual intercourse with a complainant by forcible compulsion or "[w]here the complainant was less than 13 years of age." It further stated,

> **Rape of a Child: Notice is hereby given that the Commonwealth further intends to proceed under 18 Pa.C.S.A. §§ 3121 (c), (d) & (e).**

> ***

Similarly, in count two, the Commonwealth averred that Appellant engaged in IDSI by forcible compulsion or with a complainant less than [13] years of age and further alleged,

> **Involuntary Deviate Sexual Intercourse with a Child. Notice is hereby given that the Commonwealth further intends to proceed under 18 Pa.C.S.A. §§ 3123(b), (c) & (d).**

*Alvarez*, \_\_A.2d\_\_, 1967 EDA 2013 (Pa. Super. 2015) (unpublished memorandum), at 4-5 (citation omitted) (emphasis added). Accordingly, the original bills of information clearly charged Appellant with rape of a child and IDSI with a child. *See* Criminal Information, 9/1/10, at 1. Hence, as of September 1, 2010, Appellant had notice of such charges. Therefore, Appellant's assertion that the trial court violated his constitutional rights of due process, notice, and a fair trial by substituting new charges is belied by the record. It follows, therefore, that his claim of ineffective assistance of counsel is meritless.

---

episode, this Court observed that "Appellant **was placed on notice that he was being accused of engaging in improper sexual relations with a child less than thirteen**." *Id.* (emphasis added).

Appellant's claim that counsel failed to make a motion to arrest the judgment is also inconsistent with the record. To the contrary, on the date of Appellant's sentencing, his counsel made the following oral motions: a motion in arrest of judgment, a motion for a mistrial, and a motion for extraordinary relief. *See* N.T. Sentencing, 6/28/13 (Volume I), at 11. Notably, the motions were substantively based upon Appellant's current assertions. *See id*. The trial court denied each motion. *See id*. at 14. In addition, sentencing counsel explicitly reiterated Appellant's contention that the Commonwealth "switched" his charges. *See id*. at 21-25. Furthermore, the court allowed Appellant to explain each claim at the sentencing hearing. *See id*. at 59-77. Accordingly, any claim that counsel was ineffective for failing to make the requested motion is disingenuous.

Lastly, even if this Court were to assume that the Commonwealth amended the original bills of information and that a motion to arrest the judgment challenging such an amendment was not made – both of which are factually inconsistent with the record - Appellant's argument still fails. Pursuant to Rule 564 of the Pennsylvania Rules Criminal Procedure, a court may permit the amendment of the bills of information. In particular, Rule 564 provides:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa. R. Crim. P. 564.  To determine if Rule 564 is met, a court considers

> whether the crimes specified in the original indictment or information involve the **same basic elements** and **evolved out of the same factual situation** as the crimes specified in the amended indictment or information. If so, **then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct.** If however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. 2005) (emphasis added).

In this case, if the Commonwealth amended the bills of information from rape and IDSI by forcible compulsion to rape and IDSI of a victim under 13 years of age, such a substitution would meet the *Bricker* test.  Indeed, each crime involves the same basic elements and arises out of the same factual circumstances.  *See id*. at 1019.  Thus, Appellant's contention is without merit. Consequently, his claim of ineffective assistance of counsel fails because counsel "is not required to pursue motions which have no arguable merit." *Commonwealth v. Bradley*, 473 A.2d 1082, 1084 (Pa. Super. 1984).

Therefore, because Appellant did not demonstrate that his underlying claim is of arguable merit, Appellant's ineffective assistance claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/19